## No. 11,647.

### ABILA v. THE PEOPLE.

Decided October 4, 1926.

Plaintiff in error was convicted of voluntary manslaughter.

*Affirmed.*

*On Application for Supersedeas.*

1. CRIMINAL LAW—*Homicide—Voluntary Manslaughter—Instructions.*, Evidence summarized in a homicide case and held to support an instruction on voluntary manslaughter.

2. *Verdict—Presumption.* On review, all presumptions are in favor of the verdict.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. JEAN S. BREITENSTEIN, Assistant, Mr. LOUIS W. BURFORD, Assistant, for the people.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error, hereinafter referred to as defendant, was tried for the murder of one Sanchez. On a verdict of guilty of voluntary manslaughter he was sentenced to the penitentiary for a term of three and one-half to five years. To review that judgment he sues out this writ and asks that it be made a supersedeas.

The only alleged error argued is that the evidence disclosed a first degree murder hence defendant must be found guilty of that or not guilty. We think otherwise. There was testimony from which the jury might have found that both men were drunk; that they had a fight in which Sanchez was the aggressor and in which he received his death wound, or that the combat ceased and was shortly thereafter renewed resulting in his death; that the participants had theretofore been good friends; and that there was no premeditation, plan or design, on the part of defendant to take his adversary's life. Such facts support an instruction on voluntary manslaughter. Wharton on Homicide (3d Ed.), sec. 165; Secs. 6666, 6667, 6668, C. L. 1921; *Edwards v. People,* 73 Colo. 377, 215 Pac. 855; *Henwood v. People,* 54 Colo. 188, 193, 129 Pac. 1010.

As all presumptions are in favor of the verdict, this one cannot be disturbed.

While the other assignments are not argued we find nothing in the record tending to support them or justifying further consideration.

The supersedeas is accordingly denied and the judgment affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE ADAMS not participating.